IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NOS. CR F 08-0084 LJO |
| Plaintiff, | |
| | **ORDER ON DEFENDANT'S 18 U.S.C. MOTION 3582(c)(2) FOR REDUCTION OF SENTENCE** |
| JAIME R. MONTES, | (Doc. 25.) |
| Defendant. / | |

**INTRODUCTION**

Defendant Jaime R. Montes ("defendant") is a federal prisoner, proceeds pro se, and on November 8, 2010, filed a motion with this Court to reduce his sentence pursuant to 18 U.S.C. §3582(c)(2). This Court considered defendant's motion on the record and denies defendant's requested relief.

**BACKGROUND**

On October 30, 2008, defendant filed a notice to plead guilty to violation of 8 U.S.C. §1326(a) and (b)(2) – deported alien found in the United States. On November 7, 2008, this Court sentenced defendant to 46 months custody with 36 months supervised release with conditions. Defendant waived his appeal rights. On June 1, 2009, defendant filed a 28 U.S.C. § 2255 ("section 2255") petition seeking

1

to reduce his sentence based on his status as a deportable alien. This court denied relief under section 2255. On November 8, 2010, defendant filed a motion seeking to reduce his sentence pursuant to 18 U.S.C. §3582(c)(2) in light of amendments to the Federal Sentencing Guidelines that took effect on November 1, 2010.

## DISCUSSION

18 U.S.C. §3582(c)(2) allows a court to reduce an imposed term of imprisonment where a defendant's term of imprisonment is based on a sentencing range subsequently amended by the Sentencing Commission. In applying 18 U.S.C. §3582(c)(2), a district court must follow a two-step approach: (1) the court must first determine that a reduction is consistent with the policy statements issued by the Sentencing Commission in §1B1.10 of the Federal Sentencing Guidelines; and (2) the court must then consider any applicable 18 U.S.C. §3553(a) factors and determine whether, in its discretion, the authorized reduction is warranted, either in whole or in part, according to the circumstances of the case. *Dillon v. United States*, 130 S.Ct. 2683, 2691 (2010) (interpreting 18 U.S.C. §3582(c)(2)). Because the modification of an imposed prison term does not implicate the Sixth Amendment and is not otherwise constitutionally mandated, proceedings under 18 U.S.C. §3582(c)(2) do not trigger the application of *Booker v. United States*.[1] *Id.* at 2692-93 (abrogating *United States v. Hicks*, 472 F.3d 1167 (9th Cir. 2007)). As such, the rules and policy statements contained in §1B1.10, in accordance with the requirements of 18 U.S.C. §3582(c)(2), are not merely advisory but are binding on a district court. *Id*

Defendant seeks a reduction of his sentence based on recent amendments to §5H1 and §2L1 of the federal sentencing guidelines. In particular, he seeks a reduction based on Age (§5H1.1); Mental and Emotional Conditions (§5H1.3); Physical Condition, Including Drug or Alcohol Dependence or Abuse; Gambling Addiction; (§5H1.4); Military, Civic, Charitable, or Public Service; Employment-Related Contributions; Record of Prior Good Works; (§5H1.11) and a departure based on Cultural Assimilation (§2L1.2). Because such a reduction or departure would run contrary to the rules and policy statements contained in §1B1.10 of the Federal Sentencing Guidelines, this Court is

---

[1] *United States v. Booker*, 543 U.S. 220 (2005).

2

unable to grant such modifications.

According to *Dillon* and the text of the statute, in contemplating the application of 18 U.S.C. §3582(c)(2), a court must first determine that a reduction is consistent with the policy statements issued by the Sentencing Commission in §1B1.10 of the Federal Sentencing Guidelines. §1B1.10 (2) states, "A reduction in defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized by 18 U.S.C. §3582(c)(2) if: (A) none of the amendments listed in subsection (c) is applicable to the defendant; or (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S. Sentencing Guidelines Manual §1B1.10 (2010). Subsection (c) states, "Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706 as amended by 711, and 715." *Id.* The amendments to §5H1 under which defendant seeks a reduction are all contained in amendment 739. The amendment to §2L1.2 under which defendant seeks a departure is contained in amendment 740. Because neither amendment 739 nor 740 are covered by subsection (c) of §1B1.10, a reduction or departure based on these amendments would not comport with §1B1.10 or 18 U.S.C. §3582(c)(2). Because §1B1.10 and 18 U.S.C. §3582(c)(2) are both binding on this Court, the Court is unable to grant such a reduction or departure.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court DENIES defendant relief under 18 U.S.C. §3582(c)(2).

IT IS SO ORDERED.

**Dated:   November 17, 2010**             /s/ Lawrence J. O'Neill
                                                           UNITED STATES DISTRICT JUDGE